*LOUISIANA INSURANCE COMPANY* vs.
*CAMPBELL.*

Eastern Dis't.
*June,* 1827.

APPEAL from the court of the first district.

Judgment of homologation regularly obtained, has the authority of the thing judged against all the creditors who were placed on the bilan.

PORTER, J. delivered the opinion of the court. This case comes up from an interlocutory decree of the judge in the first instance, setting aside an order of arrest, which had been granted against the defendant.

The facts appear as follows: the defendant applied on behalf of the firm of which he was a member, for the benefit of the insolvent laws, and a meeting of their creditors was ordered at a notary's office. They attended, accepted the cession, and voted for syndics. Before the proceedings were closed, one of the creditors made the following proposition: "James M. Reynolds agrees to endorse the notes of William R. Campbell, (the insolvent) at six, nine and twelve months, to be given to the respective creditors of Chalmers & Campbell, in the proportion of forty per centum, in lieu of their respective claims approved on the following conditions.

"The creditors to accept the surrender of the property and effects of Chalmers & Campbell, as already tendered to them, to transfer

Eastern Dist.
*June*, 1827.

LOUISIANA
INS COMP.
*vs.*
CAMPBELL.

their right in the said surrender, as also their respective claims, to the said James M. Reynolds; and to grant a full discharge of their said debts to William R. Campbell, in consideration of receiving said notes. This proposition shall be binding on James M. Reynolds, only so soon as the consent, in writing, of all the creditors shall have been obtained, and not otherwise."

The creditors who had appeared before the notary accepted the proposition by an instrument in writing, in which, after acknowledging to have received the notes of Campbell, endorsed by Reynolds, they declare that in consideration thereof, " they assign to the said James M. Reynolds all their rights to the property surrendered by the said William R. Campbell and all right of action against Chalmers & Campbell; they granting to the said William R. Campbell a full and complete release as to them, the said creditors, and hereby appointing and constituting the said James M. Reynolds and William R. Campbell their attorney irrevocable, giving, and hereby granting unto the said James M. Reynolds and William R. Campbell, jointly, and to each of them separately, all the full power of these ap-

pearers to sell and dispose of the property sur-
rendered as aforesaid, eitheir by public auc-
tion, or private contract, and collect all the
debts due to the said Chalmers & Campbell,
for the use of the said James M. Reynolds,"
&c.

On these facts, the judge *a quo*, was of opinion that the debtor having made a tender of his property and the creditors having accepted it, that he should be freed from arrest at the suit of the present plaintiffs. That if the creditors chose to manage the property themselves, instead of appointing syndics to do it for them, it was not the fault of the insolvent; that he did all that was incumbent on him to do, by tendering the property, and that whether the plaintiffs are bound by the transfer to Reynolds, is no concern of the defendant.

This cause is now before us on a rehearing. When it was first decided we were of opinion that the proceedings were not binding on the plaintiffs as it did not appear that they were returned into court and homologated. Evidence which was not placed before us at first, has now been produced, which shews that the *process verbal* of what took place before the notary was returned into the district court, and

EasternDis'ct
*June, 1827*

LOUISIANA
INS. COMPANY
*vs.*
CAMPBELL.

that no opposition was made to the confirmation of what had been there agreed on. This circumstance in our opinion precludes the plaintiffs who were put on the bilan and parties to that suit from contesting the regularity of their proceedings. The judgment of homologation is conclusive on them so long as it stands unreversed.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Grymes* for the plaintiffs, *Livermore* for the defendant.